# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

JAMES W. PENGILLY et al.,

    Plaintiffs,

v.

NEVADA ASSOCIATION SERVICES et al.,

    Defendants.

Case No. 2:14-cv-01463-RFB-NJK

**ORDER**

    Before the Court is Cross Defendant Ke Aloha Holdings, LLC's Motion (ECF No. 143) for District Court Judge To Reconsider Order. In its Motion, the Defendants seek two holdings: a.) reconsideration of the Court's finding in its previous order (ECF No. 142) that "Fannie Mae has been the owner of the loan continuously since origination" and b.) a finding for Ke Aloha Holdings LLC against Pengilly as to its claims for quiet title and declaratory relief.

    The Motion (ECF No. 143) is DENIED in part and GRANTED in part. The Court declines to revise its finding regarding Fannie Mae's alleged ownership of the loan. The Court grants the Motion as to its request for a finding that Ke Aloha Holdings LLC's quiet title claim is superior to the claim of Plaintiff Pengilly. This is finding does not establish Ke Aloha Holdings LLC's property interest as to the other parties in this litigation. It is limited to Ke Aloha Holidngs LLC's interest versus that of Plaintiff Pengilly.

## I. BACKGROUND

The Court previously issued an Order (ECF No. 142) (hereinafter the "Order") resolving various motions in this case. In that Order the Court summarized the procedural history of this case and made various findings of fact and legal determinations. The findings of that Order are incorporated by reference here except as to any finding being reconsidered in this order.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 60, a court may reconsider a previous order upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b). A Rule 60(b) motion must be filed within a reasonable time, and for reasons (1), (2), or (3), not more than one year after the judgment or order was entered. Fed. R. Civ. P. 60(c).

## III. DISCUSSION

The Court first finds it unnecessary to address the Defendants' Motion regarding the finding with respect to Fannie Mae and its potential ownership of the loan in this case. The Defendants did not object to this assertion of an undisputed fact in the motions that were the subject of the Court's previous Order. However, the Court holds that this finding within its Order is limited to the Order and does not represent a finding of fact for the case in its entirety. The Court further holds that this finding was not central to the rulings of the previous Order.

The Court does find it appropriate to clarify its rulings regarding the claims between Ke Aloha Holdings LLC and Plaintiff Pengilly for a few reasons. First, the Court's previous findings in its Order do support a final determination of summary judgment in favor of Ke Aloha Holdings LLC as to its quiet title interest against that of Pengilly. Second, Pengilly has renounced his ownership interest in the subject Property pursuant to the Defendants' filing in ECF No. 153. Based upon these considerations, the Court does clarify its Order that it is granting Ke Aloha

Holdings LLC's quiet title claim as to the property interests of Plaintiff Pengilly. Plaintiff Pengilly's claim as to quiet title against Ke Aloha Holdings LLC is dismissed.

**IV.     CONCLUSION**

IT IS THEREFORE ORDERED that the Motion (ECF No. 143) for District Judge to Reconsider re Order (ECF No. 142) is GRANTED in part and DENIED in part. The Court declines to revise its factual finding regarding Fannie Mae but nonetheless limits it to the Order (ECF No. 142) itself.

IT IS FURTHER ORDERED that Court GRANTS Ke Aloha Holdings LLC summary judgement as to its quiet title claim as to Plaintiff Pengilly and DISMISSES Plaintiff Pengilly's quiet title claim as to Ke Aloha Holdings LLC. This finding does not determine or resolve the property interests as they relate to the remaining parties in this litigation.

DATED this 20th day of February, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**